**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,                        )
425 Third Street SW, Suite 800               )
Washington, DC 20024,                        )
                                         )       Civil Action No.
                           Plaintiff,    )
v.                                           )
                                         )
UNITED STATES DEPARTMENT                     )
OF HOMELAND SECURITY,                        )
Office of the General Counsel                )
245 Murray Lane SW                           )
Mailstop 0485                                )
Washington, DC 20528,                        )
                                         )
                           Defendant.    )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and

accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant United States Department of Homeland Security ("DHS" or

"Defendant") is an agency of the United States Government and is headquartered at 245 Murray

Lane SW, Washington, DC 20528. Defendant has possession, custody, and control of records to

which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On July 21, 2015, Plaintiff submitted a FOIA request to Defendant seeking access

to the following records:

> i.       Any and all requests (in any form) submitted by senior
> DHS officials for waivers to use personal Web-based email
> accounts on government-owned computers.
>
> ii.      Copies of any and all waivers granted to senior DHS
> officials to use personal Web-based email accounts on
> government-owned computers.

The time frame of the request was identified as "January 1, 2015 to the present date."

6.      Enclosed with the request was a July 20, 2015 report that Secretary Johnson and

28 other senior DHS officials had sought and received such waivers. *See* Josh Rogin,

"Homeland Security Leaders Bent Rule on Private Email," *Bloomberg View* (July 20, 2015).

According to the report, DHS Press Secretary Marsha Catron confirmed that the waivers were

granted on a case-by-case basis by DHS Chief Information Officer Luke McCormack. *Id.*

7.      By letter dated August 6, 2015, Defendant acknowledged receiving Plaintiff's

request on July 21, 2015 and notified Plaintiff that the request had been assigned reference

number "2015-HQFO-00626."

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Because Defendant invoked the 10-day extension of time provision set forth in 5 U.S.C. § 552(a)(6)(B), Defendant's determination was due by September 2, 2015 at the latest.

9.      As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10.      Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.      Defendant is violating FOIA by failing to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's request and is unlawfully withholding records responsive to the request.

13.      Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court:  (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 21, 2015

Respectfully submitted,

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*